UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZACKERY A. MARTIN,

    Petitioner,

v.                                         CASE NO. 6:13-cv-1447-Orl-28TBS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

ORDER

Upon consideration of the petition (Doc. No. 1) and accompanying memorandum of law (Doc. No. 2) in accordance with the Rules Governing Section 2254 Cases in the United States District Courts, it is

ORDERED AND ADJUDGED:

(a)    Respondent(s) shall, within SIXTY (60) DAYS from the date of this Order, file a response, entitled "Response to Petition," indicating why the relief sought in the petition should not be granted.

(b)    As part of the Response to Petition required by paragraph (a) of this Order, Respondent(s) shall also:

>    (1)    State whether either the United States District Court Judge or the United States Magistrate Judge assigned to this case was involved in any of Petitioner's state court proceedings. Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.
>
>    (2)    Summarize the results of any direct appellate and/or post-conviction relief sought by petitioner to include citation references

and copies of all published opinions. Provide copies of appellant and appellee briefs from every appellate and/or post-conviction proceeding.

(3)   State whether an evidentiary hearing was accorded Petitioner in the pre-trial, trial, and/or post-conviction stages and whether transcripts are available from those proceedings.

(4)   Procure transcripts and/or narrative summaries in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and file them concurrently with the initial pleading, but not later than thirty (30) days after the filing of the initial pleading.

(5)   State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the state. If Petitioner has not exhausted available state court remedies, provide an analysis of those remedies or indicate whether Respondent(s) waive the exhaustion requirement. Thompson v. Wainwright, 714 F.2d 1495 (11th Cir. 1983).[1]

(6)   Provide a detailed explanation of whether this case was filed within the one-year limitation period set forth in 28 U.S.C. § 2244(d).[2]

(c)   Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to each Respondent listed in the bottom of this Order.

(d)   Petitioner shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

---

[1] As to any ineffective assistance of counsel claims that are alleged to be procedurally defaulted because they were not raised during Petitioner's initial-review collateral proceedings, Respondents shall include a discussion of (1) whether there has been a showing of cause to excuse the procedural default under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and (2) the merits of the claim as an alternate basis for disposition.

[2] Respondents shall also indicate whether the instant action was properly brought under section 2254 (as opposed to section 2241 for example) and, if not, whether venue is proper in this Court.

(e)     The Clerk is directed to send a copy of this Order, the petition, and any supporting documentation to Respondent(s) and the Attorney General of Florida.

DONE AND ORDERED in Orlando, Florida this 30th day of September, 201.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
OrlP-2 9/30
Zackery A. Martin

Office of the Attorney General
444 Seabreeze Boulevard, 5th Floor
Daytona Beach, Florida 32118